UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,          )
                                   )
           Plaintiff,              )
                                   )
      vs.                          )          Case 4:02CR00112 CDP
                                   )
ROY HOEFT,                         )
                                   )
           Defendant.              )

## ORDER ON PRELIMINARY SUPERVISED RELEASE REVOCATION HEARING AND DETENTION

Defendant Roy Hoeft came before the undersigned on a warrant for his arrest

issued on April 5, 2004, and reissued on January 12, 2005, on order of the Honorable

Catherine D. Perry, United States District Judge.  The Orders were issued on the petition

of a United States Probation Officer, and alleged that Defendant violated conditions of

supervised release imposed by the Court.  Defendant was taken into custody by the U.S.

Marshal on June 28, 2005, and made his initial appearance before the undersigned on that

date.  At Defendant's request counsel was appointed, and a preliminary supervised

release revocation hearing and a hearing on detention were set for June 30, 2005.

On June 30, 2005, Defendant appeared with his attorney, Assistant Federal Public

Defender Steve Williams, from the Southern District of Illinois.  The government

appeared by Assistant United States Attorney Dean Hoag.  After conferring with his

counsel and being advised by the Court of his legal right to a preliminary supervised

release revocation hearing, defendant knowingly and voluntarily waived his right to a

preliminary hearing, both orally and in writing, and agreed to be bound over for the final supervised release revocation hearing scheduled for July 7, 2005.

With regard to detention, the Court received the Pretrial Services Report (PSR) dated June 29, 2005. The parties had no objection to the PSR, which the Court adopts and incorporates herein.

Pursuant to Rules 46(d) and 32.1(a)(6), Federal Rules of Criminal Procedure, and 18 U.S.C. §3143(a), the burden is on Defendant to show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community. Absent such a showing, Defendant must be detained. In light of Defendant's waiver, there is probable cause to believe that while on supervised release Defendant committed the offenses of possession of anhydrous ammonia, possession of stolen property, and resisting arrest. In addition, it appears Defendant fled from the police. Based upon the foregoing, and for the reasons set forth in the Pretrial Services Report, the undersigned finds that Defendant has not met his burden to demonstrate that he is not a flight risk or a danger to the community. To the contrary, the Court finds that there is no condition or combination of conditions that would reasonably assure Defendant's appearance and the safety of the community, and the undersigned therefore orders that Defendant be detained pending a final supervised release revocation hearing.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant be held to appear for a final supervised release revocation hearing on **Thursday, July 7, 2005, at 1:30 p.m.**, before the Honorable Catherine D. Perry.

**IT IS FURTHER ORDERED** that Defendant shall remain in the custody of the United States Marshal pending the final revocation hearing in this matter.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for consultation with counsel, and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 30th day of June, 2005.